# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | 17-8783 PSG (JCx) | Date | February 13, 2018 |
|----------|-------------------|------|-------------------|
| Title | Gildardo Rocha v. Capstone Logistics, LLC, et al | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|------------------------|---------------------------------------------------|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):**     **The Court GRANTS Plaintiff's Motion to Remand**

Before the Court is a motion to remand filed by Plaintiff Gildardo Rocha ("Plaintiff"), *see* Dkt. # 16 ("*Mot*"). Defendants Capstone Logistics, LLC and LMS Intellibound, Inc. ("Defendants") oppose Plaintiff's motion to remand, *see* Dkt. # 22 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 23 ("*Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. Having considered the moving papers, the Court **GRANTS** Plaintiff's motion to remand.

## I.     Background

Plaintiff began working for Defendant on May 31, 2008 as an unloader at Defendants' Compton warehouse; on December 17, 2014, he fell and injured his shoulder while unloading plastic wrap. *See* Dkt. # 1, *Complaint* ("*Compl.*") ¶¶ 18, 19. He was ultimately diagnosed and treated for a sprained rotator cuff and impingement syndrome of the shoulder. *Id*. ¶ 19. As a result, he was given a work restriction of not lifting in excess of 15 pounds. *Id*. ¶ 20. He was consequently given a new position, handling checks and receipts, and ferrying them back and forth between the truckers and supervisors; Defendants Raul Moreno and Alex Ledesma were his supervisors. *Id*. ¶ 22. Sometime thereafter, Plaintiff received leave of absence paperwork and a fitness for duty exam; he had not requested them, but he nevertheless filled them out and sent them back. *Id*. He then received a Notice of Separation letter from Defendants, informing him of his termination effective September 15, 2016. *Id*.

On July 10, 2017, Plaintiff filed suit in Los Angeles County Superior Court, alleging various claims for disability discrimination in violation of the Fair Employment and Housing Act ("FEHA"), retaliation, wrongful termination, and intentional infliction of emotional distress

**CIVIL MINUTES - GENERAL**

| Case No. | 17-8783 PSG (JCx) | Date | February 13, 2018 |
|---|---|---|---|
| Title | Gildardo Rocha v. Capstone Logistics, LLC, et al | | |

("IIED"). *See generally Compl.* On December 6, 2017, Defendants removed the case on the basis of diversity jurisdiction, *see* Dkt. # 1, *Notice of Removal* ("*NOR*").

Plaintiff now moves to remand to state court on the basis that there is not complete diversity, that removal was untimely, and that not all Defendants have consented to removal. *See Mot.* The Court finds the first issue dispositive, so it need not reach the others.

II.  Legal Standard

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see* 28 U.S.C. § 1332. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the $75,000 amount in controversy requirement must be satisfied. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a).

Removal is proper where the federal courts have original jurisdiction over an action brought in state court. *See* 28 U.S.C. § 1441(a). Courts strictly construe the removal statute against removal jurisdiction. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Luther v. Countrywide Home Loans Servicing, LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." *Luther*, 533 F.3d at 1034; *see also Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) ("[A]ny doubt about the right of removal requires resolution in favor of remand.").

III.  Discussion

A federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and the parties to the action are citizens of different states. *See* 28 U.S.C. § 1332(a). Any instance of common citizenship between a plaintiff and defendant "deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). However, an exception to the complete diversity requirement exists where a non-diverse defendant has been fraudulently joined. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Under the Ninth Circuit's approach to this doctrine, "a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009) (citing *Kruso v. International Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). "The failure to state a claim against the non-

| Case No. | 17-8783 PSG (JCx) | | Date | February 13, 2018 |
|---|---|---|---|---|
| Title | Gildardo Rocha v. Capstone Logistics, LLC, et al | | | |

diverse defendant must be 'obvious according to the well-settled rules of the state.'" *Padilla*, 697 F. Supp. 2d at 1158–59 (quoting *United Comput. Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002)). The party seeking removal bears the burden of proving the joinder was fraudulent, and there is a general presumption against fraudulent joinder. *See Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *see also Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) ("There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion.").

Plaintiff and Defendants Raul Moreno and Alex Ledesma are all citizens of California. *Mot.* 6. Plaintiff argues that there is not, therefore, complete diversity, and the case must be remanded to state court. *Id.* Defendants counter that Moreno and Ledesma are "sham" defendants and that their citizenship should be disregarded for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332. *Opp.* 4. The only cause of action asserted against Moreno and Ledesma is IIED.

To maintain a claim for IIED, "[a] plaintiff must allege that (1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress." *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 744–45 (2002). The first prong "requires a showing of conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 852 (9th Cir. 2004) (quoting *Cochran v. Cochran*, 65 Cal. App. 4th 488, 496 (1998)).

Here, Plaintiff alleges he was discriminated and retaliated against because of his disability, and that "Defendants' failure to remedy any discrimination and wrongdoing were extreme and outrageous acts, and were taken with the intention of causing Plaintiff extreme emotional distress." *Compl.* ¶ 92. However, Plaintiff points only to his unexpected leave of absence and termination as acts constituting IIED, and nowhere does he detail specific acts by Moreno and Ledesma. *See generally Compl.* Even if motivated by discriminatory animus, however, Defendants' actions in terminating Plaintiff—if indeed it was their decision to do so—cannot be considered so outrageous as to justify an IIED claim. *See, e.g.*, *Lurie v. Konica Minolta Bus. Sols. U.S.A.*, No. 16-CV-00787 RGK (JCx), 2016 WL 1408056 at *4 (C.D. Cal. Apr. 11, 2016) ("Plaintiff has no IIED claim against the remaining Individual Defendants because supervisors and managers may not be held personally liable for making personnel

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 17-8783  PSG (JCx) | Date | February 13, 2018 |
|---|---|---|---|
| Title | Gildardo Rocha v. Capstone Logistics, LLC, et al | | |

decisions, even if the conduct is deemed discriminatory."); *Walker v. Boeing Corp.*, 218 F. Supp. 2d 1177, 1190 (C.D. Cal. 2002) (citing *Janken v. GM Hughes Elecs.*, 46 Cal. App. 4th 55, 61, 79–80 (1996)) ("Terminating an employee for improper or discriminatory reasons, like many other adverse personnel management decisions, is insufficiently extreme or outrageous to give rise to a claim for intentional infliction of emotional distress."); *Helgeson v. American Int'l Grp., Inc.*, 44 F. Supp. 2d 1091, 1095 (S.D. Cal. 1999) ("All of the actions submitted by plaintiff are every-day management decisions. . . . Even if these decisions were improperly motivated, they fall far short of the necessary standard of outrageous conduct beyond all bounds of decency."); *Braunling v. Countrywide Home Loans Inc.*, 220 F.3d 1154, 1158 (9th Cir. 2000) ("Conduct which exhibits mere rudeness and insensitivity does not rise to the level required for a showing of intentional infliction of emotional distress."). Since all Plaintiff alleges are adverse employment actions, he cannot maintain an IIED claim against Moreno and Ledesma, even if those decisions were tainted by a discriminatory motive.

However, the shortcomings of Plaintiff's allegations do *not* necessarily mean that his IIED claim is fanciful and that Moreno and Ledesma were fraudulently joined. "[I]n other cases in which defendants have argued that a supervisor's alleged conduct was not sufficiently outrageous to support an intentional infliction of emotional distress claim, district courts applying the fraudulent joinder standard have generally found a non-fanciful possibility of liability, even where plaintiff's claim appeared 'relatively weak.'" *Barsell v. Urban Outfitters, Inc.*, No. CV 09-02604 MMM (RZx), 2009 WL 1916495, at *7 (C.D. Cal. July 1, 2009) (quoting *Asurmendi v. Tyco Elecs. Corp.*, No. C 08-5699 JF (PVT), 2009 WL 650386, at *5 (N.D. Cal. Mar. 11, 2009)).

Moreover, "all doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleadings must be resolved in favor of remand." *Archuleta v. Am. Airlines, Inc.*, No. CV 00-1286 MMM (SHX), 2000 WL 656808, at *1 (C.D. Cal. May 12, 2000). Here, even if Plaintiff did not plead specific theories of liability against Moreno and Ledesma in the FAC, Defendants have not established that Plaintiff could not amend the FAC to properly plead a cause of action for IIED against them. *See Nickelberry v. DaimlerChrysler Corp.*, No. C-06-1002 MMC, 2006 WL 997391, at *1–2 (N.D. Cal. Apr. 17, 2006) ("Assuming, *arguendo*, a plaintiff cannot proceed against a defendant under a theory of … liability unless such theory is specifically pleaded in the complaint, [defendant] has failed to show that, under California law, [plaintiff] would not be afforded leave to amend her complaint to address the purported pleading deficiency on which [defendant] relies."). It is possible that Plaintiff could cure the insufficiencies of his complaint through amendment—a possibility that has led courts to remand similar cases. *See, e.g.*, *Burris v. AT & T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006).

**CIVIL MINUTES - GENERAL**

| Case No. | 17-8783  PSG (JCx) | | Date | February 13, 2018 |
|---|---|---|---|---|
| Title | Gildardo Rocha v. Capstone Logistics, LLC, et al | | | |

Defendant argues that amendment would be "inappropriate . . . because if Plaintiff alleged additional facts, such allegations would only contradict those in his initial pleading and Plaintiff's motion to remand." *Opp*. 9. Defendant asserts that Plaintiff's motion "affirmatively stated that neither individual defendant played any part in his termination." *Id*. That is not an accurate assessment of Plaintiff's pleading and motion, however. Plaintiff states that "none of the four Defendants named in this case met or spoke to Plaintiff regarding a potential leave of absence, his work restrictions, or his need for accommodation." *Compl*. ¶ 22; *Mot*. 10. Plaintiff complains of having been terminated without any opportunity to discuss a leave of absence or the accommodations he sought; nowhere does he assert that Moreno and Ledesma played no part in the decision to terminate him. While the complaint is entirely devoid of any specific facts pointing to acts taken by these two defendants regarding Plaintiff's termination or the alleged discrimination, it would not contradict Plaintiff's asserted position if he added such facts.

Although Plaintiff's IIED claim is weak as currently pleaded, it might be improved through amendment. There is a "non-fanciful possibility a state court would conclude" that Plaintiff's complaint states a plausible claim against Moreno and Ledesma. *Barsell*, 2009 WL 1916495, at *9. Accordingly, they are *not* sham defendants, and because they and Plaintiff share California citizenship, complete diversity does not exist. The Court cannot exercise subject matter jurisdiction over this action. The Court therefore **GRANTS** Plaintiff's motion to remand the case.[1]

IV.  Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion and remands the case to the state court.

**IT IS SO ORDERED.**

AB for WH

---

[1] Because the Court determines there is not complete diversity among the parties, it need not address the consent and timeliness arguments raised by Plaintiff.